**Beskid OSMANI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 05–6841–ag.**

United States Court of Appeals, Second Circuit.

April 3, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Linda Foster, Fresh Meadows, New York, for Petitioner.

Steven W. Myhre, United States Attorney, District of Nevada, Robert L. Ellman, Appellate Chief, Brian J. Quarles, Assistant United States Attorney, Las Vegas, Nevada, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner, Beskid J. Osmani, a native and citizen of Albania, seeks review of a November 30, 2005 order of the BIA affirming the April 14, 2004 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2] *In re Osmani*, No. A 96 007 206 (B.I.A. Nov. 30, 2005), *aff'g* No. A 96 007 206 (Apr. 14, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

---

**2.** Although Osmani is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir.2006).

§ 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Osmani does not challenge either the IJ's denial of withholding of removal or CAT relief in his brief to this Court, any challenge to the denial of those forms of relief is deemed waived. *See id.*

■ Similarly, in his brief to this Court, Osmani challenges only the IJ's adverse credibility findings. Therefore, we deem waived any challenge to the IJ's findings that were independent of her credibility determination. Indeed, in her decision, the IJ found that Osmani failed to establish past persecution based on the arrest, detention, and threats he alleged. *See id.* The IJ further found that Osmani failed to demonstrate a well-founded fear of persecution where: (1) Osmani failed to establish that any member of the Democratic Party or his family would be targeted; (2) none of the country conditions evidence in the record indicates that political persecution, including politically-motivated killings and disappearances, continues to occur in Albania; and (3) Osmani failed to establish a connection to his father's uncle such that Osmani would reasonably fear persecution based on that individual's political activity. In his brief to the BIA, Osmani challenged

each of those findings, which were alone dispositive of his applications for relief. *See* 8 U.S.C. § 1101(a)(42). Thus, his waiver of those arguments in this Court is fatal to his petition for review. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.